MARY JO WHITE
United States Attorney for the
Southern District of New York
By: SARA L. SHUDOFSKY (SS-4380)
Assistant United States Attorney
100 Church Street - 19th Floor
New York, New York 10007
Tel. No.: (212) 637-2693

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

    -against-

VILLAGE OF AIRMONT, *et al.*,

        Defendants.
-----------------------------------------------------------x

STIPULATION AND ORDER

91 Civ. 8453 (CM)

        WHEREAS, in April 1996, the Court ordered the Village of Airmont (the "Village") to revise the Airmont Zoning Code "so that it will not be construed to prevent home worship, or to prevent persons from walking to and from religious services at such places of worship, or to prevent home worship services on any day in all residential zones";

        WHEREAS, specifically, the Court ordered the Village to revise the Airmont Zoning Code to create a category of use entitled a "Residential Place of Worship," defined as an "area located within a residence that is used for the conducting of religious services," and further ordered the Village to revise the zoning code to provide that such places of worship "be permitted by right on any day in all residential zones";

        WHEREAS, in December 1996, the Court of Appeals affirmed the district court's April 1996 orders in all respects;

WHEREAS, the Village thereafter amended its zoning code as ordered by the Court;

WHEREAS, the parties have tentatively agreed to the terms of a draft (and unsigned) Stipulation and Order that provides for certain amendments to the Airmont Zoning Code, a copy of which is annexed hereto as Exhibit A (the "Zoning Code Amendments Stipulation"); and

WHEREAS, before the parties finalize the Zoning Code Amendments Stipulation, the parties wish to use an application for a Residential Place of Worship by Rabbi Mendel Rubin, for Congregation Zemach David of Dinev, as a "test case" under the provisions to which the parties have tentatively agreed under the Zoning Code Amendments Stipulation to assess how the proposed changes work in operation;

IT IS HEREBY STIPULATED AND AGREED as follows:

1. The Village of Airmont will review the pending application of Rabbi Rubin under the proposed amendments to the Airmont Zoning Code set forth in the Zoning Code Amendments Stipulation annexed hereto as Exhibit A.

2. In processing Rabbi Rubin's application under the proposed amendments, the parties agree that they are doing so for settlement purposes only, and that no action taken during the application process may be used by the parties to this stipulation in this litigation.

3. Both the Government and the Village reserve their rights to propose additional modifications to the Zoning Code Amendments Stipulation after the processing of Rabbi Rubin's application is concluded and the parties are better positioned to assess how the provisions set forth in the proposed Zoning Code Amendments Stipulation worked in operation.

4. Nothing set forth herein, or in the Zoning Code Amendments Stipulation, shall be construed as requiring either party to accept the terms of the Zoning Code Amendments Stipulation, and, if the parties are unable to agree to the terms of the Zoning Code Amendments Stipulation following any additional negotiation, the parties will be free to exercise all rights otherwise available to them.

Dated: White Plains, New York
       September    , 2000

>
> MARY JO WHITE
> United States Attorney for the
> Southern District of New York
> Attorney for the United States
>
> By: _____
> SARA L. SHUDOFSKY (SS-4380)
> Assistant United States Attorney
> 100 Church Street - 19th Floor
> New York, New York 10007
> Tel. No.: (212) 637-2693

JOHN LAYNE

_____
Mayor, Village of Airmont

DORFMAN, LYNCH & KNOEBEL
Attorney for Defendant Village of Airmont

By: _____
DENNIS E.A. LYNCH (DL-6537)
51 North Broadway
Nyack, New York 10960
Tel. No.: (914) 353-3500

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Exhibit A

MARY JO WHITE
United States Attorney for the
Southern District of New York
By: SARA L. SHUDOFSKY (SS-4380)
Assistant United States Attorney
100 Church Street - 19th Floor
New York, New York 10007
Tel. No.: (212) 637-2693

\*EXHIBIT A\*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA,

      Plaintiff,

  -against-

VILLAGE OF AIRMONT, et al.,

      Defendants.
-------------------------------------------------x

STIPULATION AND ORDER

91 Civ. 8453 (CM)

      WHEREAS, in April 1996, the Court ordered the Village of Airmont (the "Village") to revise the Airmont Zoning Code "so that it will not be construed to prevent home worship, or to prevent persons from walking to and from religious services at such places of worship, or to prevent home worship services on any day in all residential zones";

      WHEREAS, specifically, the Court ordered the Village to revise the Airmont Zoning Code to create a category of use entitled a "Residential Place of Worship," defined as an "area located within a residence that is used for the conducting of religious services," and further ordered the Village to revise the zoning code to provide that such places of worship "be permitted by right on any day in all residential zones";

      WHEREAS, in December 1996, the Court of Appeals affirmed the district court's April 1996 orders in all respects;

WHEREAS, the Village thereafter amended its zoning code as ordered by the Court; and

WHEREAS, in order to avoid further litigation concerning the interpretation and application of the Residential Place of Worship use category, the parties wish to enter into the following agreement,

IT IS HEREBY STIPULATED AND AGREED as follows:

1. The Village of Airmont will amend the Airmont Zoning Code to include the following paragraphs:

   (A). For the establishment of any Residential Place of Worship that exceeds 1400 square feet, an applicant shall obtain site plan approval as set forth elsewhere in this Code. For the establishment of any Residential Place of Worship that is 1400 square feet or less, an applicant shall apply for site plan review pursuant to this section of the Code.

   (B). The floor area per person for a Residential Place of Worship shall be calculated as twenty (20) square feet per person.

   (C). In addition to off-street parking required for the residence, additional off-street parking for any Residential Place of Worship shall be provided at the rate of one (1) parking space for every two hundred (200) square feet of the Residential Place of Worship.

   (D). Any single family residence containing a Residential Place of Worship shall comply with the area and bulk requirements applicable to a single family residence in the district in which such building or structure is situated. The inclusion of a Residential Place of Worship within the structure of an existing residence that is non-conforming with the area and bulk requirements of the district in which such residence is situated shall not be deemed an intensification of any such dimensional non-conformity, provided that the size of such Residential Place of Worship does not exceed the ratio of the square footage of the lot on which the Residential Place of Worship is located to the square footage required for a lot in that Zoning District applied to the maximum size of 1,400 square feet. By means of example, if a 10,000 square foot lot is located in a district providing for a minimum 30,000 square foot lot requirement, the square footage of the Residential Place of Worship cannot exceed 1/3 of 1,400 square feet.

2

(E). An application for a Residential Place of Worship as defined in the Code shall be submitted to the Clerk to the Planning Board. That application shall include a standard request for issuance of a Building Permit, together with a proposed plan for the use and development of the site by the applicant. The plan shall include details regarding water, sewage, parking, traffic, driveway, fire and emergency, buffering for neighbors, and drainage.

(F). The Building Inspector shall review the application and refer any complete application to the Planning Board within ten (10) days of its submission to the Clerk to the Planning Board. If the application provides for more than 1,400 square feet of space devoted to the conducting of religious services, the application shall be referred by the Building Inspector to the Planning Board for regular Planning Board Site Plan review and approval. If the application provides for 1,400 square feet of space or less devoted to the conducting of religious services, the application shall be referred by the Building Inspector to the CDRC and the Planning Board for review and approval as set forth herein without any public hearing.

(G). The Planning Board shall review all Residential Place of Worship applications providing for 1,400 square feet of space or less devoted to the conducting of religious services in any residential district upon an expedited basis as described below in paragraphs (I) and (L). Such Planning Board review will include an immediate referral by the Clerk to the Planning Board to the CDRC of all issues set forth in the application. Issues regarding water, sewage, and drainage will be reviewed primarily at the CDRC by the Village Engineer to determine if proper engineering standards have been met. Issues regarding parking, traffic, access, fire and emergency, and buffering from neighbors will be reviewed by the Planning Board upon recommendation of the CDRC in accordance with the standards, guidelines and requirements applicable to those items.

(H). Within ten (10) days of submission of an application to the Clerk to the Planning Board, the Building Inspector shall provide written notification to the applicant and Clerk to the Planning Board that the application has been received and that either (1) the application is complete, or (2) a certain aspect or aspects of the application are incomplete, along with a list of the specific items necessary to make the application complete.

(I). The Planning Board shall render a decision on an application for a Residential Place of Worship within sixty-two (62) days of the Planning Board's receipt of a completed application. Should the Planning Board fail to approve the application for a Residential Place of Worship within sixty-two (62) days of the Planning Board's receipt of a completed application, the applicant shall be entitled to seek all appropriate judicial review.

3

(J). Within ten (10) days of a favorable Planning Board decision and the applicant's compliance with all conditions in any Planning Board resolution, the Building Inspector shall issue a Building Permit to the applicant.

(K). Should either the CDRC or the Planning Board determine an application for a Residential Place of Worship to be deficient for any reason, the CDRC or the Planning Board will provide written notification to the applicant of the basis for the deficiency, along with specific written directions that, if followed by the applicant, will cause such application to become acceptable to the CDRC and/or the Planning Board.

(L). All applications for Residential Places of Worship shall be given priority in the scheduling of agenda items and hearings and in the rendering of all decisions. That priority will include, but not be limited to, the placement of Residential Place of Worship applications on the Planning Board or CDRC calendar before any other applications can be scheduled to be heard by the Planning Board or CDRC.

2. The Village will amend the Airmont Zoning Code as required by this agreement and provide the private plaintiffs and the United States with a copy of the amended Airmont Zoning Code within 60 days after the agreement is so-ordered by the Court.

Dated: White Plains, New York
_____ , 2000

>   MARY JO WHITE
>   United States Attorney for the
>   Southern District of New York
>   Attorney for the United States
>
>   By:_____
>   SARA L. SHUDOFSKY (SS-4380)
>   Assistant United States Attorney
>   100 Church Street - 19th Floor
>   New York, New York 10007
>   Tel. No.: (212) 637-2693

4

JOHN LAYNE

---
Mayor, Village of Airmont

DORFMAN, LYNCH & KNOEBEL
Attorney for Defendant Village of Airmont

By:_____
DENNIS E.A. LYNCH (DL-6537)
51 North Broadway
Nyack, New York 10960
Tel. No.: (914) 353-3500

SO ORDERED:

---
UNITED STATES DISTRICT JUDGE