UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONGREGATION OF RIDNIK, RABBI MOISHE
BERGER, CONGREGATION KOLLEL MEOR
YOSEF, RABBI DAVID RIBIAT,
CONGREGATION KHAL BOSTON, RABBI
ABRAHAM HOROWITZ, and CHAIM CAHAN,

                   Plaintiffs,

   -against-

VILLAGE OF AIRMONT, PHILIP GIGANTE,
VILLAGE OF AIRMONT BOARD OF
TRUSTEES, VILLAGE OF AIRMONT ZONING
BOARD OF APPEALS, LAURIE DIFRANCESCO,
BUILDING DEPARTMENT OF THE VILLAGE
OF AIRMONT, LOUIS ZUMMO, PLANNING
BOARD OF THE VILLAGE OF AIRMONT,
COMMUNITY DESIGN REVIEW COMMITTEE,
DAN KRAUSHAAR, EVE MANCUSO, STU
TURNER, ADRIANA BELTRANI, and SHLOMO
POMERANZ,

                   Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/2020

18-CV-11533 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge

      On May 6, 2019, Plaintiffs Congregation of Ridnik, Rabbi Moishe Berger, Rabbi David Ribiat, Congregation Khal Boston, Rabbi Abraham Horowitz, and Chiam Cahan (collectively "Plaintiffs") filed their First Amended Complaint against Defendants Village of Airmont, Philip Gigante, Village of Airmont Board of Trustees, Village of Airmont Zoning Board of Appeals, Laurie DiFrancesco, Building Department of the Village of Airmont, Louis Zummo, Planning Board of the Village of Airmont, Community Design Review Committee, Dan Kraushaar, Eve Mancuso, Stu Turner, Adriana Beltrani, and Shlomo Pomeranz (collectively "Defendants"). (ECF No. 33.)  In their First Amended Complaint, Plaintiffs asserted Section 1983 free exercise, free association, equal protection, and due process claims, Religious Land Use and

Institutionalized Persons Act of 2000 ("RLUIPA") substantial burden, unequal treatment, discrimination, and exclusion and limits claims, and Fair Housing Act ("FHA") claims based on the Village of Airmont's zoning code and Defendants' enforcement of that code in order to prevent Hasidic Jews from operating residential places of worship.  On July 19, 2019, Defendants served their motion to dismiss Plaintiffs' First Amended Complaint along with supporting memorandum and exhibits.  (ECF Nos. 44 & 45.)  The motion was fully briefed on August 30, 2019.  (ECF Nos. 44, 45, 46, 49, 50.)

Subsequently, on December 20, 2019, the United States Court of Appeals for the Second Circuit, in *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, NY*, held that plaintiffs in that case lacked standing to pursue "First Amendment free exercise, free speech, and free association claims under the federal and New York constitutions, RLUIPA substantial burden and exclusion and limits claims, FHA claims, and common law claims related to the *Berenson* doctrine."  945 F.3d 83, 110 (2d Cir. 2019).  The Second Circuit reasoned that plaintiffs in that case lacked standing because they "never submitted a formal proposal for the building project, applied for a permit, or engaged in any other conduct that would implicate or invoke the operation of the challenged zoning laws. Whatever harm may arise from the application of the zoning laws to [plaintiff's] property is merely conjectural at this time. '[C]onjectural' injuries do not suffice under Article III." *Id.*  In the instant matter, Defendants did not assert lack of standing as a basis to dismiss Plaintiffs' claims, and Plaintiffs did not have an opportunity to assert their bases for standing in response to such an argument.

"The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *United States v. Hays*, 515 U.S. 737, 742, 115 S. Ct. 2431, 2435, 132 L. Ed. 2d 635 (1995)

(citation omitted). When presented with motions under both Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the first issue to address is whether the Court has the subject matter jurisdiction necessary to consider the merits of the action. *See, e.g.*, *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990); *S.E.C. v. Rorech*, 673 F. Supp. 2d 217, 220-21 (S.D.N.Y. 2009).

In order to enable this Court to engage in a threshold examination of its own jurisdiction, and afford the parties an opportunity to address *Congregation Rabbinical Coll. of Tartikov, Inc*, Defendants' Motion to Dismiss is DENIED, without prejudice, and the parties are directed to resubmit new motion to dismiss papers addressing the aforementioned developments in the law. The Court waives the pre-motion conference requirement, and grants Defendants leave to file their motion to dismiss with the following briefing schedule:

- Defendants' moving papers shall be served **not filed** November 30, 2020.
- Plaintiffs' opposition papers shall be served **not filed** December 30, 2020.
- Defendants' reply papers shall be served January 14, 2021.

Defendants' counsel is directed to file all motion documents, including Plaintiff's opposition, on the reply date, January 14, 2021. The parties shall provide 2 copies of their respective motion documents to Chambers on the dates the documents are served upon their adversary. As long as the Court's Emergency Rules are in place, counsel for both parties are also directed to email copies of their respective papers to Chambers on the date they are served upon their adversary.

/

/

/

Case 7:18-cv-11533-NSR   Document 59   Filed 10/28/20   Page 4 of 4

The Clerk of the Court is directed to terminate the motion at ECF No. 44.

Dated: October 28, 2020　　　　　　　　　　　SO ORDERED:
       White Plains, New York

                                              _____
                                              NELSON S. ROMÁN
                                              United States District Judge

4