

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516) 334-4500   FAX (516) 334-4501   WWW.SOKOLOFFSTERN.COM

BRIAN S. SOKOLOFF
BSOKOLOFF@SOKOLOFFSTERN.COM

January 22, 2021

**Via ECF**
Hon. Nelson S. Román
United States District Court
300 Quarropas Street
White Plains, NY 10601

      Re:    *Congregation of Ridnik, et al. v. Vill. of Airmont, et al.*
               Docket No. 18 Civ. 11533 (NSR)

Your Honor:

      We represent Defendants in this action, in which residents of the Village of Airmont challenge, under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the U.S. Constitution, and the Fair Housing Act ("FHA"), the facial validity of a defunct 2007 Village land-use ordinance regulating "Residential Places of Worship" ("RPW") and a superseding 2018 regulation for "Residential Places of Assembly." We respond to the United States of America's January 1, 2021 letter (ECF No. 64) accusing the Village of "material misrepresentations" in its renewed motion to dismiss Plaintiffs' complaint.

      The Government's accusation is baseless. It claims the Village "states that the Government 'agreed to' the provisions [of a 2000 stipulation signed by the Government and the Village] becoming permanent amendments to the Code." *Id*. at 2 (*citing* Vill. Br. at 4, 16). But the Village states no such thing. The attribution misrepresents the Village's papers.

      The Village's actual statements (and the public records supporting them) are unambiguous. The Government appears to take issue with two statements:

      1. "In 2000, the Village and the federal government agreed to certain proposed amendments to the Code (the "Amendments Stipulation")." Ex. B. They agreed the Village would apply them to a pending RPW application as a 'test case'—before they became law—to assess how the proposed changes worked. *Id*. at 2." Vill. Br. at 4; and

      2. "[T]he site plan review for RPW in [the Village's] 2007 Code … implemented in sum and substance the Amendments Stipulation to which the federal government agreed." Vill. Br. at 16.

      Neither statement supports the Government's false accusation. The Village did not say the Government agreed to the provisions of the Amendments Stipulation "becoming permanent

SOKOLOFF STERN LLP

Hon. Nelson S. Román
January 22, 2021
Page 2 of 2

amendments to the Code." To the contrary, it makes clear the Government agreed to these provisions only on a "test case" basis. Vill. Br. at 4; ECF No. 46 at 4; ECF No. 55.

The Government does not—and cannot—refute the truth of the Village's actual, discrete statements; they are the Government's own words. The 2000 Amendments Stipulation—signed by the Government—says: "***the parties tentatively agreed to the terms of a draft (and unsigned) Stipulation and Order that provides for certain amendments to the Airmont Zoning Code***, a copy of which is annexed hereto as Exhibit A (the "Zoning Code Amendments Stipulation")." Mot. Ex. B at 2. And in the Statement of Interest the Government filed in this action, it acknowledged the 2007 Code "***implemented, in sum and substance, the proposed procedures that the Government had agreed to in September 2000 only as a 'test case.'***" ECF No. 54 at 3. That is all the Village has said here.

As we have explained, the Village recites this public history for a specific and limited purpose: Plaintiffs challenge the *facial* validity of laws (a) a federal court originally directed the Village to enact (*see U.S. v. Vill. of Airmont*, 925 F. Supp. 160, 161 (S.D.N.Y.)) and (b) the Village based its language the Government had agreed to on a "test case" basis. Presumably, the federal courts and Government would not have ordered the Village to create the RPW category or agreed even to "test case" the language of the Amendments Stipulation—on which the 2007 Code and, in turn, the 2018 Code derive—if they believed the provisions were *facially* unlawful.

Given the power the Government wields and its reputation with the bar, one would expect a degree of humility, restraint, and candor absent from its submissions in this case. The Government's letter—self-righteously echoed by Plaintiffs for false publicity and fundraising[1]— appears intended to bolster its own misguided suit against the Village and to obscure these irrefutable facts. To be sure, this is not a convenient history for Plaintiffs or, apparently, for the Government, but they cannot rewrite it.

Thank you for your consideration of this matter.

Respectfully,

SOKOLOFF STERN LLP

Brian S. Sokoloff

---

[1] Within hours of the Government's filing, Plaintiffs' counsel (who presumably supplied the Government with the Village's motion papers, then not yet filed publicly) issued a press release praising the letter and amplifying the Government's false accusation. *See* https://firstliberty.org/media/department-of-justice-slams-village-of-airmonts-legal-claims-as-inaccurate-and-misleading-in-statement/